UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON MARAMAG, et al.,

    Plaintiff(s),

    v.

WASHINGTON MUTUAL BANK, F.A., et al.,

    Defendant(s).
_____/

No. C 12-2156 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On September 6, 2012, plaintiffs Don Maramag and Bernadina Maramag ("plaintiffs") filed an "ex parte application" for a temporary restraining order ("TRO"). The application does not clearly set forth what action of defendants they seek to enjoin, but it appears that it may be either the foreclosure sale of their home or their eviction from that home.

In any case, plaintiffs' request suffers from a number of deficiencies. First, plaintiffs' request is styled as an "ex parte application," and the heading indicates that plaintiffs intend to proceed under Federal Rule of Civil Procedure 65. However, Rule 65 specifically states that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs have not complied with either requirement. Thus, to the extent that plaintiffs seek ex parte relief, such relief is precluded by the Federal Rules of Civil Procedure. However, plaintiffs did complicate matters by filing proofs of service showing that defendants were in fact sent copies of the application. But these copies were sent via regular U.S. mail on Thursday, September 6, and thus would not have arrived

more than one or two days before the date noticed by plaintiffs for a hearing on their TRO application (September 12). Thus, whether or not plaintiffs truly intended to proceed on an ex parte basis, the defendants do not appear to have been afforded an opportunity to respond to the application.

Second, plaintiffs do not cite to or comply with the correct standard for issuance of a temporary restraining order. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008). Alternatively, the plaintiff may demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052 (9th Cir. 2010) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)), "so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest," id. at 1053. Plaintiffs do not adequately justify their request under the standard of either Winter or Alliance for Wild Rockies.

Finally, plaintiffs' application is incomprehensible as to a number of critical facts. Most importantly, the court cannot determine the nature of the specific relief sought by plaintiffs. Plaintiffs confusingly state that they are "entitled to a TRO postponing the foreclosure sale," and that "[u]nless a TRO issues, plaintiffs' property will be sold on March 4, 2010." (Dkt. 14 at 12, 15.) Plaintiffs include other references to a foreclosure sale occurring on "March 4, 2010," indicating that the previous quotation was not a typographical error. (See id. at 13, 17.) In one other instance, however, plaintiffs state that the sale occurred on March 9, 2012. (Id. at 6.) Regardless of which date is correct, it

appears that the foreclosure sale has already occurred, thus rendering moot any request for a TRO directed at preventing a sale.

Plaintiffs also make reference to "an eviction action" that is now proceeding against them, but do not explain the nature of this "eviction action." If there is an unlawful detainer action pending against plaintiffs in state court, this court would be prevented from intervening in that action by the Anti-Injunction Act. The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). A number of district courts have found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act. See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012). If an unlawful detainer action has concluded, plaintiffs have not stated whether a judgment has been entered against them or how imminent their eviction is. In any case, plaintiffs' request is entirely unclear as to the specific relief sought relative to an eviction that can occur "anytime after September 6, 2012."

For all of the foregoing reasons, plaintiffs' application for a temporary restraining order is hereby DENIED.

Additionally, the court notes that it has made numerous attempts to contact plaintiffs' counsel to discuss deficiencies in their filings, but has not received a response from counsel. When seeking such extraordinary relief as a temporary restraining order, it is incumbent upon counsel to be reasonably responsive to inquiries from the court. Finally, the court notes that it has made multiple attempts to make counsel aware of this court's requirements regarding chambers copies of documents filed with the court, but the court's

1 | efforts have so far been unavailing.  Going forward, counsel shall ensure that chambers
2 | copies are in a format useable by the court for their intended purpose.
3 | **IT IS SO ORDERED.**
4 | Dated: September 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge